**\*NOT FOR PUBLICATION\***

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| EUGENE P. FRANCHINO, | Civil Action No. 3:19-cv-20893-FLW-TJB |
| Plaintiff, | |
| v. | |
| J.P. MORGAN CHASE BANK, N.A., | **OPINION** |
| Defendant. | |

**WOLFSON, Chief Judge**:

This case arises from banking services that *pro se* Plaintiff Eugene P. Franchino ("Franchino" or "Plaintiff") obtained from Defendant J.P. Morgan Chase Bank ("Chase" or "Defendant"). Plaintiff alleges that Defendant placed a hold on certain checks he deposited, causing him to miss two credit card payments, incur late fees, and receive a lower credit score, in violation of state and federal laws. Before the Court is a Motion to Dismiss, pursuant to Fed. R. Civ. P. 12(b)(6), filed by Defendant, contending that Plaintiff has failed to state any causes of action. For the following reasons, the Motion to Dismiss is **GRANTED**. Plaintiff shall be given leave to amend his Complaint with respect to his Federal Credit Reporting Act ("FRCA") claim under 15 U.SC. § 1681s–2(b) and his contract claim, within 30 days from the date of the accompanying order.

## I. Factual Background and Procedural History

Plaintiff alleges the following facts, which the Court accepts as true for the purposes of the present dismissal motion. Franchino has been a Chase customer for 25 years. *See* Compl. ¶ 3 (First

Count). During this time, he has held multiple bank accounts at Chase, including a checking account and a credit card. *Id.* In May 2019, Chase allegedly "held" several of Franchino's deposits because they were inconsistent with the amounts he usually deposited. *Id.* ¶ 4 (First Count). Franchino asked Chase to waive the holds but Chase declined to do so, causing him to miss two payments on his credit card—one in June 2019, another in July 2019—and incur late fees. *Id.* ¶ 5 (First Count). Chase also reported his delinquent credit card account to the credit bureaus, which lowered his credit score by an unspecified number of points, and charged him a $45 annual cardholder fee of which he was not aware.[1] *Id.*

Franchino filed a Complaint on October 23, 2019, in the Superior Court of New Jersey, Somerset County, Law Division. The Complaint asserts three counts; the first and third counts, although vaguely drafted, primarily raise claims under the FCRA. Specifically, Franchino alleges that Chase reported inaccurate information about his credit card account to the credit bureaus, and in doing so, violated 15 U.S.C. § 1681s–2(a). He also alleges that Chase did not investigate his dispute or correct the inaccuracies, violating 15 U.S.C. § 1681s–2(b). The second count asserts contract-based claims. According to Franchino, Chase improperly charged a $45 annual cardholder fee and late fees to his account. *Id.* ¶¶ 3 (Second Count), 7 (First Count), 11 (First Count). In that regard, Franchino asked the state court to compel Chase to remove "the derogatory remarks" from his credit report and award damages. *Id.* at ¶ 12 (First Count). On November 29, 2019, Chase removed the case to this Court on the basis of federal question jurisdiction.[2] *See* 28 U.S.C. §

---

[1] In his opposition brief Plaintiff also alleges that, because his credit score dropped, he could not obtain a new mortgage. *See* Brief for Plaintiff, ¶ 10. Moreover, Plaintiff states in his brief that his credit card payments were not actually late. *See id.* ¶ 8.

[2] Plaintiff does not dispute the basis for removal. He also does not dispute that Counts One and Three assert claims under the FCRA. To the extent that he asserts common-law or state law claims related to the inaccurate reporting to the credit bureaus by Chase, those claims are

1441(a). On December 20, 2019, Chase filed the present dismissal motion contending that Franchino's Complaint fails to state a claim pursuant to Fed. R. Civ. P. 12(b)(6). Franchino opposes the motion.

## II. Standard of Review

A court may dismiss a pleading "for failure to state a claim upon which relief can be granted." F.R.C.P. 12(b)(6). To survive a 12(b)(6) motion, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Plausibility requires "more than a sheer possibility that a defendant has acted unlawfully" but less than a probability. *Id.* The inquiry is "context-specific" because a court must "draw on its judicial experience and common sense." *Id.* at 679. However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* at 678.

In evaluating the sufficiency of the complaint, the Court must accept as true all well-pleaded factual allegations in the complaint and draw all reasonable inferences in favor of the non-moving party. *See Gould Elec. Inc. v. United States*, 220 F.3d 169, 178 (3d Cir. 2000). The Court separates the factual elements in the complaint from the legal conclusions, then determines whether the facts alleged are sufficient to establish that the plaintiff has a plausible claim for relief.

---

preempted by Section 1681t(b)(1)(F) of the FCRA. *See Burrell v. DFS Services, LLC*, 753 F. Supp. 2d 438, 449-451 (D.N.J. 2010) (interpreting the preemptive effect of the FCRA to "leave no room for state law claims against furnishers of information . . . *regardless of whether those claims are couched in terms of common law or state statutory obligations*") (emphasis added); *Ramos v. Wells Fargo, N.A.*, No. 16-0880, 2019 WL 2743454, at *9 (D.N.J. Apr. 24, 2019) (adopting the "total preemption approach" in *Burrell* with respect to "a furnisher of information's duties to report information to credit reporting agencies"); *Henderson v. Equable Ascent Financial, LLC*, No. 11-3576, 2011 WL 5429631, at *4-5 (D.N.J. Nov. 4, 2011) (same); *Nonnenmacher v. Capital One*, No. 10-1367, 2011 WL 1321710, at *4 (D.N.J. Mar. 31, 2011) (same); *Manno v. American General Finance Co.*, 439 F. Supp. 2d 418, 429 (E.D. Pa. 2006) (same); *Campbell v. Chase Manhattan Bank*, No. 02-3489, 2005 WL 1514221, at *16-17 (D.N.J. Jun. 27, 2005).

*See Bistrian v. Levi*, 696 F.3d 352, 365 (3d Cir. 2012); *Santiago v. Warminster Twp*, 629 F.3d 121, 130 (3d Cir. 2010). The moving party bears the burden of proving that the complaint fails to state a claim. *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005) (citing *Kehr Packages, Inc. v. Fidelcor, Inc.*, 926 F.2d 1406, 1409 (3d Cir. 1991)). "The inquiry is not whether plaintiff[] will ultimately prevail in a trial on the merits, but whether [he] should be afforded an opportunity to offer evidence in support of [his] claims." *In re Rockefeller Ctr. Props., Inc.*, 311 F.3d 198, 215 (3d Cir. 2002). Finally, the Court "is to" read a *pro se* plaintiff's complaint liberally, *see Erickson v. Pardus*, 551 U.S. 89, 94 (2007), although it is not "require[d] . . . to credit a *pro se* plaintiff's 'bald assertions' or 'legal conclusions.'" *Grohs v. Yatauro*, 984 F. Supp. 2d 273, 282 (D.N.J. 2013) (internal citations omitted) ("Even a *pro se* complaint may be dismissed for failure to state a claim if the allegations set forth by the plaintiff cannot be construed as supplying facts to support a claim entitling the plaintiff to relief."); *see also Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997).

## III. Discussion

### A.  *Plaintiff's Claim Under Section 1681s–2(a) of the FCRA*

Although Plaintiff does not reference any specific provisions of the FCRA in his Complaint, the Court construes the Complaint to assert a claim under 15 U.S.C. § 1681s–2(a), which requires certain creditors to report accurate information to credit agencies. Defendant correctly argues that Plaintiff does not have a private cause of action under this provision of the FCRA.

Section 1681s–2(a) requires entities that furnish information to consumer reporting agencies to, among other duties, provide accurate information. It is well-settled that there is no private cause of action for alleged violations of Section 1681s–2(a). *See, e.g., Huertas v. Galaxy*

*Asset Mgmt..*, 641 F.3d 28, 34 (3d Cir. 2011) (per curium) (holding that a *pro se* plaintiff could not bring a cause of action under this provision); *SimmsParris v. Countrywide Fin. Corp.*, 652 F.3d 355, 358 (3d Cir. 2011) ("§ 1681s–2(b) [is] the only section [under the FCRA] that can be enforced by a private citizen seeking to recover damages caused by a furnisher of information."); *see also Tutanji v. Bank of America*, No. 12-887, 2012 WL1964507, at *4 (D.N.J. May 31, 2012); *Edwards v. Equable Ascent, FNCL, LLC*, No. 11-cv-2638, 2012 WL1340123, at *3 (D.N.J. Apr. 16, 2012); *Burrell v. DFS Services, LLC*, 753 F. Supp. 2d 438, 445 (D.N.J. 2010). Section 1681s–2(c) plainly exempts 1681s–2(a) from the private causes of action that §§ 1681n and 1681o otherwise grant for violations of the FCRA. If there was any doubt, Section 1681s–2(d) explicitly states that only certain federal and state agencies or officials may enforce § 1681s–2(a). Without a statutory basis, Plaintiff's claim under Section 1681s–2(a) of the FCRA is dismissed with prejudice.

B. *Plaintiff's Claim Under Section 1681s–2(b) of the FCRA*

The Court also construes Plaintiff's Complaint to assert a claim under Section 1681s–2(b) of the FCRA, which requires creditors to investigate certain consumer disputes. Defendant contends that Plaintiff has not stated a claim under this provision, because Plaintiff has not alleged that he notified a credit reporting agency of his dispute, which is necessary to trigger Defendant's statutory duty to investigate.

Section 1681s–2(b) requires entities that furnish information to credit reporting agencies to take certain investigative steps if they are notified of a consumer dispute in the manner prescribed by Section 1681i(a)(2). Among other things, after notification in accordance with Section 1681i(a)(2), such entities must "(A) conduct an investigation with respect to the disputed information; (B) review all relevant information provided by the consumer reporting agency pursuant . . . (C) report the results of the investigation to the consumer reporting agency; [and] (D)

if the investigation finds that the information is incomplete or inaccurate, report those results to all consumer reporting agencies." 15 U.S.C. § 1681s–2(b).

To state a claim under Section 1681s–2(b), a plaintiff must meet three pleading requirements: "(1) [he] sent notice of disputed information to a consumer reporting agency [per 15 U.S.C. § 1681i(a)(2)], (2) the consumer reporting agency then notified the defendant furnisher of the dispute, and (3) the furnisher failed to investigate and modify the inaccurate information." *Henderson v. Equable Ascent Fin., LLC*, No. 11-3576, 2011 WL5429631, at *3 (D.N.J. Nov. 4, 2011) (citing *Martinez v. Granite State Mgmt & Res.*, No. 08-2769, 2008 WL5046792, at *3 (D.N.J. Nov. 20, 2008) (quoting *Ruff v. America's Servicing Co.*, No. 07-489, 2008 WL1830182, at *4 (W.D. Pa. Apr. 23, 2008))); *Bartley v. LVNV Funding, LLC*, No. 09-3884, 2010 WL2629072, at *3 (D.N.J. June 28, 2010); *Tutanji*, 2012 WL1964507, at *4. Thus, an entity has no duty to investigate until it receives notice of a dispute from *a credit reporting agency*. 15 U.S.C. §§ 1681s–2(b), 1681i(a)(2); *Henderson*, 2011 WL5429631, at *3; *Bartley*, 2010 WL2629072, at *3; *Dimedio v. HSBC Bank*, No. 08-5521, 2009 WL1796072, at *3 (D.N.J. June 22, 2009) (citing *Young v. Equifax Credit Servs., Inc.*, 294 F.3d 631, 639 (5th Cir. 2002)); *see also Nelson v. Chase Manhattan Mortgage Corp.*, 282 F.3d 1057, 1060 (9th Cir. 2002) (explaining the reasoning behind this pleading requirement, namely that Congress "provide[d] a filtering mechanism in 1681s–2(b) [similar to the one in 1681s–2(a) limiting enforcement to governmental bodies] by making the disputatious consumer notify a [consumer reporting agency]"); *Schroeder v. Verizon Pa., Inc.*, No. 3:10-1305, 2011 WL2651107, at *7 (M.D. Pa. June 16, 2011).

In the present case, Plaintiff does not sufficiently allege that Defendant violated its duty to investigate the alleged inaccuracies in his credit report, because there are no facts suggesting that he notified a consumer reporting agency about his dispute in the first instance. Without such facts,

Plaintiff's Section 1681s–2(b) claim fails at the threshold, since Defendant has no obligation to investigate under that provision unless it receives notification from a credit reporting agency. Plaintiff only alleges that he disputed his account status with Defendant directly, *see* Compl. ¶ 2 (Third Count), which plainly does not meet the notice requirement. 15 U.S.C. §§ 1681s–2(b), 1681i(a)(2); *Burrell*, F. Supp. 2d at 438 (holding that consumers cannot maintain FCRA claims based on disputes filed directly with "furnishers of information"); *Ameri v. Equifax Info.*, No. 14-3319, 2015 WL1275283, at *4 (D.N.J. Mar. 19, 2015) ("It is important to emphasize that [the FCRA] does not provide relief for consumers who lodge their dispute directly with a furnisher of information.").

In his *opposition* to Defendant's dismissal motion, Plaintiff, for the first time, alleges in a broad brush fashion that, in addition to notifying Defendant, he "disputed the inaccuracies as required under the statute." Brief for Plaintiff, ¶ 12. While the Court need not consider this statement, *see Frederico v. Home Depot*, 507 F.3d 188, 201-02 (3d Cir. 2007) (stating that "we do not consider after-the-fact allegations in determining the sufficiency of [a] complaint under . . . 12(b)(6)"), it would not change the Court's conclusion that Plaintiff has not stated a claim under Section 1681s–2(b). By itself, the allegation does nothing to establish any factual element of Plaintiff's claim, particularly since Plaintiff does not aver the basic facts of whether he notified a credit bureau about his dispute with Defendant. He simply makes a broad, "threadbare" conclusion, which the Court cannot accept as true. *See Iqbal*, 556 U.S. at 678. Moreover, even if Plaintiff properly alleged that he provided notice, he has not pled sufficient facts to meet the remaining two pleading requirements. *See Henderson,* 2011 WL5429631, at *3. He has not alleged that a consumer reporting agency notified Defendant of his dispute, or that Defendant did not in

fact investigate it. Accordingly, Plaintiff's claim under Section 1681s–2(b) of the FCRA is dismissed without prejudice.

### C.  *Plaintiff's Breach of Contract Claim*

Finally, Plaintiff alleges that Defendant breached the parties' contract by charging a $45 cardholder fee and late fees. Defendant submits that Plaintiff has failed to state a claim, because he has not identified the contract at issue, much less pointed to specific contractual provisions that Defendant violated. *See* Motion to Dismiss, at 5.

Under New Jersey law, "a complaint alleging breach of contract must, at a minimum, identify the contracts and provisions breached." *Eprotec Preservation, Inc. v. Engineered Materials, Inc.*, No. 10-5097, 2011 WL867542, at *8 (D.N.J. Mar. 9, 2011); *Video Pipeline, Inc. v. Buena Vista Home Entertainment, Inc.*, 210 F. Supp. 2d 552, 561 (D.N.J. 2002) (holding that a party suing for breach must allege "(1) a contract; (2) a breach of that contract; (3) damages flowing therefrom; and (4) that the party performed its own contractual duties"). If a plaintiff fails to allege which specific contractual provisions a defendant allegedly violated, a court may dismiss the claim. *Skypala v. Mortgage Electronic Registration Systems, Inc.*, 655 F. Supp. 2d 451, 459 (D.N.J. 2009) (dismissing a claim because the complaint did not "identify the provisions [of the contract] Plaintiff assert[ed] were breached").

Reading Plaintiff's Complaint liberally here, although he has not explicitly identified the contract, it appears his contract claim is based on his credit card agreement with Defendant. What is fatal, however, is that Plaintiff has not identified any specific contractual provisions on which his claim for relief is based. *Zirbser v. Wells Fargo Bank, N.A.*, No. 19-cv-01099, 2019 WL3244621, at *4 (D.N.J. July 19, 2019) (dismissing plaintiffs' claim because they "inexplicably fail[ed] to reference any provision within the contract"); *Scheffler v. TD Bank, N.A.*, No. 18-06688,

2019 WL192651, at *2 (D.N.J. Jan. 15, 2019). Indeed, nowhere in the Complaint does Plaintiff identify the contractual clause that Defendant has allegedly breached. Plaintiff's claim cannot be maintained on such vague allegations, or on mere "say-so" that Defendant violated terms in their agreement. *Scheffler*, 2019 WL192651, at *2. Accordingly, the Court also dismisses Plaintiff's contract claim without prejudice.[3] Plaintiff is given leave to amend his Complaint with respect to his FRCA claim under Section 1681s–2(b) and his contract claim, within 30 days from the date of the accompanying order.

Defendant's Motion to Dismiss is **GRANTED**.

**DATED**: June 8, 2020                                                  /s/      Freda L. Wolfson
                                                                        Freda L. Wolfson
                                                                        U.S. Chief District Judge

---

[3] Plaintiff also alleges in his Complaint that "Defendant owed a duty . . . to make funds readily available." *See* Compl. ¶ 11 (First Count). However, he does not identify what cause of action this allegation refers to, the nature of the duty that Defendant allegedly owes, or the law that imposes that duty. Accordingly, the Court has no basis to construe this claim as a separate count.